UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**ENTERED**
JUN 0 6 2008
U.S. CLERK'S OFFICE
'NDIANAPOLIS, INDIANA

| | |
|---|---|
| GAYLE LUCKA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:07-cv-1497-DFH-TAB |
| UNITED PARCEL SERVICE, PRUDENTIAL LIFE INSURANCE CO. OF AMERICA, INDEPENDENT PILOTS ASSOCIATION, JACQUELYN M. LUCKA (now PRIDE), and DARRELL J. DOLAN, | ) |
| Defendants. | ) |

### ENTRY ON PENDING MOTIONS

Robert Lucka was an employee of defendant United Parcel Service from approximately 1995 until he died in 2007. One employee benefit he received was a term life insurance policy that UPS purchased from defendant Prudential Life Insurance Company of America. In 1995, Robert Lucka designated his then-wife, defendant Jacquelyn Lucka Pride, as the beneficiary of that insurance policy. Robert and Jacquelyn divorced in 1999. Robert married plaintiff Gayle Lucka in 2004, and Robert and Gayle had a baby girl in 2007, about five months before Robert died of cancer. Before he died, Robert never changed the beneficiary of the Prudential insurance policy, though he changed the beneficiary of at least one other insurance policy and he is alleged to have communicated his intention to make Gayle and their daughter the beneficiaries of the Prudential policy.

After Robert's death, Prudential paid the proceeds of the life insurance policy in question to the designated beneficiary, Jacquelyn Lucka Pride. Gayle Lucka then filed suit in state court against UPS, Prudential Life Insurance Company, the Independent Pilots Association, Jacquelyn Lucka Pride, and Darrell J. Dolan, the attorney who represented Robert in his 1999 divorce from Jacquelyn. Defendants removed the case to federal court because the insurance policy in question was an employee benefit governed by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*

All defendants have filed motions to resolve the case in their favor, and Dolan has also filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Jacquelyn Lucka Price filed her motion to dismiss on November 29, 2007. UPS and Prudential filed their motion to dismiss on December 18, 2007. The Independent Pilots Association filed its motion for judgment on the pleadings on January 14, 2008. Dolan filed his motion to dismiss on January 14, 2008, and his motion for sanctions on February 19, 2008.

Plaintiff has not filed any response to any of these motions. On February 6, 2008, Magistrate Judge Baker issued an order setting the initial pretrial conference for April 1, 2008. Defense counsel filed a proposed case management plan on March 28, 2008. They reported that plaintiff's counsel, Marion O. Redstone, had failed to participate in the drafting process, did not contact defense

counsel, or respond to voice-mail messages or the written proposed case management plan. Plaintiff's counsel also did not appear at the conference on April 1, 2008. Magistrate Judge Baker issued an order to plaintiff to show cause by April 18, 2008 why sanctions should not be imposed for her counsel's failure to appear. Plaintiff and her counsel have not responded to any of these messages, motions, or orders. The defendants' motions are ripe for summary decision. See Local Rule 7.1(b) (failure to file timely response subjects motion to summary ruling).

UPS and Prudential: Defendants UPS and Prudential point out correctly that ERISA preempts all of the state law claims against them, and that ERISA requires plan administrators to pay the beneficiary designated according to plan documents. See *Melton v. Melton*, 324 F.3d 941, 945 (7th Cir. 2003). Gayle has no claim against UPS and Prudential.

Jacquelyn Lucka Pride: Gayle alleged that Jacquelyn breached a contract with Robert, the terms of their divorce settlement, by accepting the life insurance proceeds. Apart from standing issues, the divorce settlement (Cmplt. Ex. A) simply did not require Jacquelyn to renounce any beneficial interest in life insurance policies. See *Melton*, 324 F.3d at 945-46 (finding no waiver of interest in policy governed by ERISA, and explaining that such a waiver must be "explicit, voluntary, and made in good faith" to be effective). The pleadings here show that Gayle has no viable claim against Jacquelyn.

Independent Pilots Association: Gayle has alleged that Robert told an agent of the Independent Pilots Association that he wanted to change the beneficiary on his life insurance policies. IPA changed the designation on a separate policy that it administered, but it had no power to change the beneficiary on the Prudential policy governed by ERISA. Gayle alleges that IPA breached a fiduciary duty to Robert by failing to tell him that it could not change the beneficiary on the Prudential policy and negligently failed to inform him of the actual status of his beneficiary designation for the Prudential policy. There is no allegation here that anyone misled Robert or that he was mentally or physically unable to change his beneficiary designation. Gayle has not responded to IPA's preemption arguments, and the court accepts them and grants IPA judgment on the pleadings.

Darrell Dolan: Attorney Dolan represented Robert in his 1999 divorce from Jacquelyn. Gayle alleges in Count IV that Dolan committed malpractice by (a) failing to make sure that Robert followed through on his advice to change his beneficiary and (b) failing to include an explicit waiver of any claim that Jacquelyn had to proceeds of the Prudential policy. Dolan has moved for dismissal on several grounds, including the lack of any duty to Gayle, the two-year statute of limitations, and a break in the chain of causation because Robert actually told an IPA agent as early as January 2005 that he wanted to change the beneficiary. Again, Gayle has not responded to these arguments, and the court accepts them and dismisses the claim against Dolan.

The court will enter final judgment on the merits in favor of all defendants.

Dolan's Motion for Sanctions: The Supreme Court has also held that a district court may exercise jurisdiction over a Rule 11 sanctions motion even if the underlying case has been dismissed. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (affirming Rule 11 sanction imposed after dismissal of underlying case for lack of subject matter jurisdiction); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case).[1]

Defendant Dolan complied with the "warning shot" procedure under Rule 11 of the Federal Rules of Civil Procedure and on February 19, 2008 filed his motion for sanctions, arguing that, in light of the arguments raised in his motion for judgment on the pleadings, Gayle's claim against Dolan is not supported by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Gayle has not responded to the motion. The court finds that the motion should be granted. Dolan's arguments based on the statute of limitations, lack of causation, and the lack of any duty to Gayle are persuasive and unrebutted. The court can well imagine plaintiff Gayle Lucka's frustration under these circumstances, but an attorney's

---

[1] The "safe harbor" amendment to Rule 11 modified the ruling of *Cooter & Gell* in part, but the amendment did not affect the point that is relevant here. See *De La Fuente v. D.C.I. Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 n. 4 (S.D.N.Y. 2003), *aff'd in relevant part*, 82 Fed. Appx. 723 (2d Cir. 2003).

responsibility is to advise a client about what problems and losses the law can solve and which it cannot. There is no viable claim here against Robert's divorce attorney, and Gayle's attorney should have known that.

The only remaining issue is what the sanction should be. The court will hold a separate hearing on the appropriate Rule 11 sanction at **10:00 a.m. on Friday, June 20, 2008**, in Room 344, Birch Bayh United States Courthouse, Indianapolis, Indiana. Dolan shall file and serve no later than Monday, June 16, 2008, a statement of the attorney fees and other expenses he has incurred in this lawsuit.

So ordered.

Date: June 6, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-7-

Copies to:

Marion O. Redstone
1912 North Woodlawn Avenue
Indianapolis, Indiana 46203

Gene Forrest Price
Frost Brown & Todd
gprice@fbtlaw.com

Susan C. Lonowski
Frost Brown & Todd
slonowski@fbtlaw.com

Tony Curtis Coleman
Frost Brown & Todd
tcoleman@fbtlaw.com

Frank F. Chuppe
Wyatt Tarrant & Combs
fchuppe@wyattfirm.com

Michael Wayne McClain, II
Wyatt Tarrant & Combs
mmcclain@wyattfirm.com

Amanda Ropp Blystone
Baker & Daniels
amanda.blystone@bakerd.com

Andrew Z. Soshnick
Baker & Daniels
drew.soshnick@bakerd.com

Teresa A. Griffin
Baker & Daniels
teresa.griffin@bakerd.com

David T. Kasper
Locke Reynolds
dkasper@locke.com